UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RYAN SHAW,

        Plaintiff,

v.                                            Case No. 25-v-0159-bhl

DEPARTMENT OF CORRECTIONS,
CHRIS STEVENS,
DR. TOMMY R. ONJUKKA,
DR. MICHAEL A. BROSSMAN, and
JESSIE GROSS,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Ryan Shaw, who is currently serving a state prison sentence at the Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Shaw's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Shaw has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Shaw has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $1.66. Shaw's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Shaw, beginning on September 22, 2023, he began to submit dental service requests complaining that several teeth were causing him extreme pain to the point that he could not eat or sleep. Shaw asserts that, despite filing more than 100 dental service requests, he has yet to receive treatment or pain medication. Both Defendants Dr. Tommy R. Onjukka and Dr. Michael A. Brossman have examined Shaw's teeth, but they allegedly told Shaw that he is on the waitlist for fillings and must wait his turn. Both dentists allegedly informed Shaw that it could take a couple of years for him to receive the needed fillings. They also allegedly told him that, if he is in as much pain as he represents, he should agree to have his teeth extracted. Shaw explains that he still has not received fillings and that he continues to be in severe pain.

Shaw asserts that he filed two grievances about the delay in treatment. According to Shaw, both grievances were affirmed on appeal because the dental services unit is not complying with Department of Adult Institutions policies. Shaw explains that both Warden Chris Stevens and Bureau of Health Services Dental Director Jessie Gross have been notified of the delay but have done nothing to address it.

## THE COURT'S ANALYSIS

Prison officials who are deliberately indifferent to a substantial risk of serious harm to an inmate's health violate the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). A delay in medical treatment may constitute deliberate indifference if the delay exacerbates the injury or unnecessarily prolongs an inmate's pain, particularly if a provider knows that the pain is treatable. *Reck v. Wexford Health Sources, Inc.*, 27 F.4th 473, 483 (7th Cir. 2022). The Seventh Circuit has explained that "[t]he length of delay that violates the Eighth Amendment depends on the severity of the condition and the ease of providing treatment: For example, a steadily worsening toothache that causes severe pain to an inmate while eating and sleeping could support

3

a finding that a two-month delay in referring the inmate to a dentist constitutes deliberate indifference." *Hill v. Meyer*, No. 21-2884, 2022 WL 1078871, at *3 (7th Cir. April 11, 2022) (citing *Berry v. Peterman*, 604 F.3d 435, 438, 441 (7th Cir. 2010)).

With these principles in mind, Shaw may proceed on a deliberate indifference claim against Dr. Onjukka and Dr. Brossman based on allegations that for more than a year he has been informing them that multiple teeth cause him severe pain that is interfering with his ability to eat and sleep and that, despite these persistent complaints, they continue to keep him on the waitlist for fillings and refuse to prescribe medication to relieve his pain. Shaw also states a deliberate indifference claim against Gross, who oversees the provision of dental services for Wisconsin inmates, based on allegations that she has turned a blind eye to the delay Shaw has experienced in receiving treatment. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (holding that a supervisor who knows about misconduct but turns a blind eye for fear of what they might see may be liable).

Shaw does not, however, state a claim against Warden Stevens, who "is entitled to relegate to the prison's [dental] staff the provision of good [dental] care." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). As the Seventh Circuit has acknowledged, "[b]ureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job." *Id.* Given that the dentists were responding to Shaw's dental service requests and examining his teeth and given that the director of dental services was aware of the delay, the Court cannot reasonably infer that the warden, who is not a medical provider or dentist, was deliberately indifferent when he deferred to the dentists' decisions regarding the timing of Shaw's treatment. Shaw also does not state a claim against the Wisconsin Department of Corrections, which is not a "person" under §1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, at 71 (1989).

4

**IT IS THEREFORE ORDERED** that Shaw's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Shaw fails to state a claim against Chris Stevens and the Department of Corrections, so the clerk's office is directed to terminate them from this action.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Shaw's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Dr. Tommy R. Onjukka, Dr. Michael A. Brossman, and Jessie Gross.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Dr. Tommy R. Onjukka, Dr. Michael A. Brossman, and Jessie Gross shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Shaw is located.

**IT IS FURTHER ORDERED** that the agency having custody of Shaw shall collect from his institution trust account the $348.34 balance of the filing fee by collecting monthly payments from Shaw's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Shaw is transferred to another institution, the transferring institution shall forward a copy of this Order along with Shaw's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Shaw is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on March 6, 2025.

>s/ *Brett H. Ludwig*
>BRETT H. LUDWIG
>United States District Judge